United States District Court
Southern District of Ohio
Western Division

United States,

          Plaintiff,

    v.

Ryan Carter,

          Defendants.

Case No. 1:21-cr-017-2

District Judge Douglas R. Cole

## Motion for Appointment of Substitute Counsel

Comes now defendant Ryan Carter, by and through undersigned counsel, and moves the Court for an order appointing substitute counsel. A memorandum in support of this motion is set forth below.

### Memorandum in Support

Circumstances have unfortunately arisen between Mr. Carter and undersigned counsel which appear to require the appointment of alternate counsel at this time. The communication of the basis for a motion such as this create a difficult tension between counsel's obligation to the Court and the critical protection of client confidentiality. This conflict has been recognized by Comment 3 to Ohio Rule of Professional Conduct 1.16, which states that "[t]he lawyer's statement that professional considerations require the termination of the representation ordinarily should be accepted as sufficient."

Sixth Circuit precedent requires that once a defendant brings "any serious dissatisfaction with counsel to the attention of the district court," the court has an obligation to inquire into the source and nature of the dissatisfaction and may grant a motion for substitute counsel if there is a

showing of good cause. *Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008) (quoting *United States v. Iles*, 906 F.2d 1122, 1131–32 (6th Cir. 1990)). When reviewing such a motion, a court shall generally consider several factors including (1) the timeliness of the motion and (2) the extent of the conflict between the attorney and client and, (3) whether the conflict is so great as to have resulted in a lack of communication preventing an adequate defense. These factors must then be balanced against the public's interest in the prompt and efficient administration of justice. *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001); *see also Benitez*, 521 F.3d at 632

An analysis of these factors weighs in favor of the granting of this motion. First, this motion is clearly timely as the trial of this matter is not scheduled until September, 2022. Second, the extent of the conflict between Mr. Carter and undersigned counsel is significant. While the confidentiality concerns raised above make the full disclosure of the conflict difficult, Mr. Carter has made clear his lack of confidence in undersigned counsel. Counsel has endeavored to ensure that Mr. Carter has not reached this decision unadvisedly or without due consideration. Counsel can further confirm Mr. Carter's position that the lack of effective communication between he and counsel has significantly impacted his faith that he is being provided an adequate defense. The public's interest in the prompt and efficient administration of justice is therefore outweighed by the need for Mr. Carter's faith in the underlying integrity of the trial process.

Wherefore, for the all the foregoing reasons, Mr. Carter respectfully requests that substitute counsel be appointed at this time.

Respectfully submitted,

Paul M. Laufman (0066667)
LAUFMAN NAPOLITANO, LLC
4310 Hunt Road
Cincinnati, OH  45242
(513) 621-4556
(513) 621-5563 Fax
plaufman@LN-lawfirm.com
*Counsel for Defendant Ryan Carter*

Certificate of Service

I hereby certify that a copy of the foregoing pleading was electronically filed on the 2nd day of June 2022.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

Paul M. Laufman

3